IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02756-GPG

JIM ARTIS TILLMON,

    Applicant,

v.

DENVER SHERIFF DIGGINS, and
THE UNITED STATES ATTORNEY,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Jim Artis Tillmon, was incarcerated at the Denver County Jail when, acting *pro se*, he filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging a U.S. "Marshall hold" (ECF No. 1 at 2). He paid the $5.00 filing fee. As relief he asked for the Court to "issue a writ of habeas corpus ad proseq[u]endum to the Federal Bureau of Investigation and/or Federal U.S. Marshalls, and Denver County Sheriff Diggins to bring myself before this Court for a disposition in the named action and relief of Federal hold." ECF No. 1 at 5. The action he names is "case # 13-SW-05951" (ECF No. 1 at 3), a search warrant case in which Mr. Tillmon lists his identification number as 636839.

It was unclear to the Court whether Applicant, named Jim Artis Tillman in the instant action, is the same person as James Tillmon, a named defendant in *United States v. Garrison*, No. 14-cr-00231-WJM (D. Colo. filed June 4, 2014). In No. 14-cr-00231-WJM, an amended Writ of Habeas Corpus ad Prosequendum (ECF No. 209 in No. 14-cr-00231-WJM) was issued on July 23, 2014, as to James Tillmon, confined at

the Denver County Jail, to appear for an initial appearance in this Court and be returned to the Denver County Jail so as not to interfere with his court dates set for Denver District Court Case No. 12CR5598, in which James Tillmon is the defendant.  Those Denver District Court dates were set for August 18, 2014 (motions); October 27, 2014 (pretrial conference), and November 4-7, 2014 (trial).  *See* ECF No. 209 at 2 in No. 14-cr-00231-WJM.

Therefore, on October 28, 2014, Magistrate Judge Gordon P. Gallagher entered an order (ECF No. 6) directing Applicant to clarify whether he is James Tillmon, a named defendant in No. 14-cr-00231-WJM.  If Jim Artis Tillmon and James Tillmon are the same individual, Applicant also was directed to show cause why the instant habeas corpus application should not be denied and the action dismissed because an amended Writ of Habeas Corpus ad Prosequendum has issued in No. 14-cr-00231-WJM.

In the October 28 order, Magistrate Judge Gallagher noted that pursuant to 28 U.S.C. § 2241(c)(5), the writ of habeas corpus shall not extend to a prisoner unless it is necessary to bring him into court to testify or for trial.  Magistrate Judge Gallagher also pointed out that to the extent Mr. Tillmon may be asking this Court to force the Federal Bureau of Investigation, United States Marshal, and Denver Sheriff Diggins to execute immediately the amended writ of habeas corpus ad proseq[u]endum, he appeared to be seeking relief in the nature of mandamus.  Pursuant to 28 U.S.C. § 1361, the district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.  To be eligible for this relief, a petitioner must establish "(1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy." *Rios v. Ziglar*,

398 F.3d 1201, 1206 (10th Cir. 2005), *Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988) (same); *see also Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (mandamus will issue only if all other avenues of relief are exhausted and a clear nondiscretionary duty is owed); *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988) (mandamus will "issue only to compel the performance of a clear nondiscretionary duty."). "Mandamus is a drastic remedy, available only in extraordinary circumstances. Furthermore, the writ is not available when review by other means is possible." *W. Shoshone Bus. Council v. Babbitt*, 1 F.3d 1052, 1059 (10th Cir. 1993) (citations omitted).

As Magistrate Judge Gallagher explained in the October 28 order, Mr. Tillmon has not presented the Court with an extraordinary situation mandating mandamus relief. He failed to cite any authority indicating he had a clear right to the relief sought, or the named Respondent owed him a clear nondiscretionary duty, and he did not allege that no other adequate remedy was available. Therefore, Mr. Tillmon was ordered to show cause why the habeas corpus application should not be denied and this action dismissed.

On November 7, 2014, the copy of the October 28 order mailed to Mr. Tillmon was returned to the Court as undeliverable. *See* ECF No. 7. Mr. Tillmon has failed within the time allowed to show cause as directed or otherwise communicate with the Court in any way. Therefore, the habeas corpus application will be denied and this action dismissed.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Tillmon files a notice of appeal he also must pay the full $505.00

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is denied and the action dismissed without prejudice pursuant to Rules 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Jim Artis Tillmon, to show cause as directed, and for his failure to prosecute.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  5th  day of   December   , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court